IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

CHRISTOPHER EMORY CRAMER,     §
#10422-081

v.                                     §            CIVIL ACTION NO. 1:23-cv-355
                                                          CRIM. NO. 1:16-cr-00026(01)

UNITED STATES OF AMERICA     §

ORDER

Before the court is Movant Christopher Emory Cramer's *Unopposed Motion to Exceed Page Limit* (Dkt. #2) for his purported Motion to Vacate, Set Aside, or Correct Sentence and for New Trial pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (Dkt. #1). Local Rule CV-3(b) requires a movant to seek leave of court to file a petition which exceeds the 100-page limit.

Movant's purported Motion to Vacate is 202 pages in length, excluding cover sheet, tables, certificate of service, and exhibits (Dkt. #1)—102 pages more than the 100-page limit stated in Local Rule CV-3(b). As good cause for his leave to file a 202-page initial Motion to Vacate, Movant cites the voluminous nature of the underlying trial and appellate record, and the purported numerous errors that were committed during Movant's trial. Movant has not cited any reasons that are different from other cases that are similar in nature.

A request for excess pages is reasonable in light of the procedural posture of the case; however, 202 pages is excessive. Neither the Constitution nor the ABA Guidelines require federal habeas counsel to raise every non-frivolous ground that might be raised. *Cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000) (holding that appellate counsel "need not (and should not) raise every

1

nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."). It is therefore

**ORDERED** that Movant Cramer's *Unopposed Motion to Exceed Page Limit* (Dkt. #2) is **GRANTED in part** and **DENIED in part**. Movant is granted permission to file a Motion to Vacate pursuant to 28 U.S.C. § 2255 that does not exceed 170 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. It is

**ORDERED** that the Clerk of Court shall **STRIKE** Docket Entry #1 from the record. It is further

**ORDERED** that Movant Cramer shall file his conformed Motion to Vacate, Set Aside, or Correct Sentence and for New Trial pursuant to 28 U.S.C. § 2255 on or before 60-days from the receipt of this Order. No extensions of time will be allowed. Movant's conformed Motion to Vacate shall be docketed as being filed on September 21, 2023, which is the same date as his original Motion to Vacate w as docketed.

Also, before the court is Movant's *Unopposed Motion for Leave to File 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence Under Seal* (Dkt. #3). Movant seeks to have his particularized portions of his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. #1) sealed from public view.[1] Considering the court's order above, Movant's Motion for Leave to File Motion Under Seal (Dkt. #3) is moot. Movant shall file a motion for leave to seal at the time that he files his conformed Motion to Vacate pursuant to § 2255. It is therefore

---

[1] The court notes with approval Movant's use of a chart (Exhibit A) to denote the specific pages and reasons for sealing certain parts of the record from public view.

**ORDERED** that Movant's *Unopposed Motion for Leave to File 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence Under Seal* (Dkt. #3) his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **DENIED AS MOOT.**

SIGNED this 13th day of October, 2023.

_____

Zack Hawthorn
United States Magistrate Judge

3