IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

CHRISTOPHER EMORY CRAMER            §

VS.                                 §            CIVIL ACTION NO. 1:23-CV-355
                                                 CRIMINAL NO. 1:16-CR-00026(1)
UNITED STATES OF AMERICA            §

<u>ORDER</u>

On May 22, 2025, this court ordered the Government to file a Response to Cramer's § 2255 motion (doc. #28).  Cramer's motion was filed under seal and then filed separately with redacted portions for public access.  The Government filed a Sealed Response on August 25, 2025 (doc. 30), sealing the entire response and exhibits.

The public "has a common law right to inspect and copy judicial records." *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citation, internal quotation marks, and brackets omitted).

The public's common law right of access is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848.  In any case, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987); *cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.  "'The presumption [is] gauged in favor of public access to judicial records[ ]' [and is] one of the interests to be weighed on the [public's] 'side of the scales.'" *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Unit A Aug. 1981) (quoting *Nixon*, 435 U.S. at 602); *see also Van Waeyenberghe*,

990 F.2d at 848 n.4 (same). The "relevant facts and circumstances of the particular case" inform the factors that a court weighs on both sides. *Belo Broadcasting Corp.*, 654 F.2d at 430 (quoting *Nixon*, 435 U.S. at 599).

Here, the Government did not seek leave to file the Response sealed and fails to provide the court with a basis to seal every line and page in the response or attached exhibits. The Government does not discuss the competing interests involved in the public's right to open access to the courts.

The Fifth Circuit in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), reminded district courts that they must consider the public's interests in the right to access to the judicial process. The Court, furthermore, strongly disapproves of the wholesale sealing of judicial records, without good cause. The Court explained:

> [U]nder the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But '[m]ost litigants have no incentive to protect the public's right of access.' That's why 'judges, not litigants' must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.' Sealings must be explained at 'a level of detail that will allow for this Court's review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'

*Id*. (citations omitted). It is, therefore,

**ORDERED** that within thirty (30) days of entry of this Order, the Government shall file an unsealed Response with those portions of the Response that they deem needs redaction and a separate motion explaining why nondisclosure of the information outweighs the public's right of access to the judicial record.

SIGNED this 17th day of March, 2026.

_____

Zack Hawthorn
United States Magistrate Judge